HENRY MILBAUR, Respondent, *v.* OSCAR L. RICHARD et al., Defendants, and MICHAEL LARKIN et al., Appellants.

NEGLIGENCE — FALL OF BUILDING CAUSED BY ALLEGED NEGLIGENCE OF SEVERAL CONTRACTORS. The evidence examined in an action to recover the value of property injured or partially destroyed by the fall of a building containing plaintiff's shop, caused by the alleged negligence

of the defendants, who were various contractors, engaged in the erection of an adjoining building, and *held* insufficient to sustain a recovery.

*Milbaur* v. *Richard*, 113 App. Div. 905, reversed.

(Argued May 1, 1907; decided May 21, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 31, 1906, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*David Thornton* and *Thornton Earle* for appellants. There is absolutely no evidence of negligence on the part of the appellants, and the learned trial court committed reversible error by continually insisting and charging that the excavators were liable. ( *Wolf* v. *A. T. Society*, 164 N. Y. 130; *Cockran* v. *Sees*, 168 N. Y. 372; *Griffen* v. *Manice*, 166 N. Y. 188.)

*Herman Gottlieb* and *Julius Hilbern Cohn* for respondent. There was ample evidence of the negligence of the appellants in digging too close to the shoring supporting the wall of the premises which plaintiff occupied and the trial justice committed no error in his comments to the jury in regard thereto. ( *Millis* v. *Germond*, 3 App. Div. 384; *Sindram* v. *People*, 88 N. Y. 197; *People* v. *Constantino*, 153 N. Y. 34; *Hoffman* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 25; *Metcalf* v. *Gordon*, 86 App. Div. 373; *Winne* v. *McDonald*, 39 N. Y. 233; *Hart* v. *Ryan*, 25 N. Y. S. R. 986; *People* v. *Hess*, 8 App. Div. 148; *People* v. *O'Neill*, 112 N. Y. 364; *Vail* v. *Rice*, 5 N. Y. 159; *N. Y. F. Ins. Co.* v. *Walden*, 12 Johns. 590.)

O'BRIEN, J. The plaintiff conducted a tailor shop in a building at No. 33 Sheriff street in the city of New York. He brought this action to recover the value of certain property which he owned and which was in the shop at the time of the accident hereinafter mentioned. This property con-

sisted of a portion of his stock, with the fixtures, machinery and other articles connected with his business. The owner of the premises adjoining the building occupied by the plaintiff was engaged in the construction of a new building which covered several numbers on the same street, that is, numbers from 27 to 33 Sheriff street. In the progress of this work the building containing the plaintiff's shop, which he occupied as a tenant, or at least a portion of it, fell, and in consequence the plaintiff's property was injured or partially destroyed. He brought this action to recover the value of the property and on a trial before a jury was awarded damages for the loss or injury. The judgment so recovered was affirmed on appeal and is now before this court for review.

The owner of the premises where the new building was in process of erection was made a party defendant and also various persons who, by contracts with the owner, were engaged in the work. One of the defendants had a contract for the erection of the walls; another for shoring up and securing the adjoining building in which the plaintiff's shop was located; and other parties, perhaps, for other parts of the work. One of the contractors died before the trial; another had a verdict in his favor, and the owner, by some arrangement between the parties, disappeared from the case. The only defendants that are interested in this appeal are the two Larkins, who had the contract for excavating for the foundation of the new building. The verdict was against these two defendants alone. It seems that they were partners in the business, and hence were jointly and severally liable for any negligent act or omission on their part in making the excavation, provided that such act or omission was the cause of the accident. Their contract was to excavate the open lot eighty-seven feet in front and one hundred feet deep. The excavation was to extend fifteen feet below the curb. These defendants were not connected in any other way with the transaction. Their sole obligation and duty was to make an excavation extending fifteen feet below the curb and covering a space of eighty-seven by one hundred feet.

The decision of the learned court below was not unanimous, and hence the question is open upon this appeal for the inquiry whether there was any evidence that warranted the jury in finding, as the verdict imports, that the plaintiff's loss was occasioned by some negligent act or omission on the part of these defendants. In order to sustain this judgment the plaintiff must be able to point out some evidence of negligence on the defendants' part. A mere scintilla of evidence is not sufficient, but it was incumbent on the plaintiff to prove some fact that would fairly warrant the jury, as reasonable men, in finding that the plaintiff's property was lost or destroyed by some breach of duty on the defendants' part.

It is, doubtless, true that plaintiff's loss is due to the fault of some one engaged in the construction of the new building, but we are not concerned with the question as to the identity of the guilty party unless the evidence proves or tends to prove that the fault was that of the excavators; so that the only question that is necessary to be decided is the one already referred to, namely, whether there was any substantial evidence given at the trial upon which to base the verdict.

It is contended by the learned counsel for the plaintiff, in support of the judgment, that these defendants, against whom alone the verdict was rendered, while in the performance of their contract to make the excavation of the cellar and foundation of the building to be erected, so managed and conducted the work as to disturb and undermine the shoring timbers placed against the old building containing the plaintiff's shop, and that some of them gave way, and thus the structure, being deprived of the support which the timbers and needles gave it, collapsed, and hence the loss or destruction of the plaintiff's property. These defendants could not be made responsible for any defects in the shoring up of the building. That was the work of another contractor. The sole contention on the part of the plaintiff is that the Larkins, in the performance of their contract to make the necessary excavation, dug so near to the base of the shoring timbers that they fell or gave way, thus causing the accident. It was

the right and duty of the excavators to perform their contract to dig a cellar and basement fifteen feet below the curb. If, however, in carrying out that contract they discovered that the shoring timbers were not set deep enough in the ground and would be undermined or weakened by the adjacent digging, they were bound to take notice of that fact and suspend operations until the owner or the plaintiff, or at least the contractor who had the contract for shoring up and securing the old building could be warned of the danger. It is quite conceivable that, even if the person who had the contract for shoring up and securing the old building, omitted to set the shoring timbers at the proper depth in the ground, still the defendants, if they knew that fact, could be held guilty of negligence if they continued to dig away the ground near the timbers and thus undermine them without calling the attention of the other parties to the danger. They had the right to make the excavation according to the terms of their contract, but could not ignore a situation which might result in disaster. It is upon this feature of the transaction that the plaintiff's case depends. The difficulty is that there is no evidence in the record to sustain this theory of liability.

There were three gangs of men working on the job at about the same time under different contractors, and there is great confusion in the testimony concerning the identity of each workman, and it is quite impossible from the testimony to trace out the work that each man was engaged in. It must be remembered that these defendants were excavating the open lot to a depth of fifteen feet below the curb and they had nothing to do with any other work, either upon the new or the old structure. The northerly line of the lot that they were excavating was the southerly line of the premises where the accident happened. The person who had the contract for shoring up and securing the old building was made a party to this action and answered the complaint. On the trial before the jury a verdict was found in his favor, and thus, upon the record he has been discharged from all liability for the accident and no negligence can now be imputed to him. His

contract bound him to set the shoring timbers sixteen feet
below the curb, or one foot deeper than the excavation which
these defendants undertook to make. The testimony in the
case is to the effect that the shoring contractor performed his
contract in that respect. If it was true that he did not but on
the contrary placed the shoring timbers only eight or ten feet
below the curb it is difficult to see how the jury could have
excused him from the charge of negligence. The defendants
in cutting down the lot left a bank of earth along the north
line four or five feet wide at the top and sloping down to a
width of six or seven feet at the bottom. This was done so as
not to disturb the walls of the old building. A part of this
embankment was still there at the time of the accident but the
greater part had been removed after the shoring contractor
had placed supports under the wall. This shoring consisted
of upright timbers resting on foot-blocks with needles at the
top running into the building. A new foundation was being
carried along under the old building but it had not reached
the rear portion where the accident occurred and the evidence
tended to show that some portion of the sloping embankment
left by these defendants was still standing against a part of the
rear of the building when it fell.

A trench had been dug by some one under the south wall of
the old building at the point in question and the theory of the
plaintiff was that this trench was dug too near the foot of the
uprights, causing them to slip from their footings. This theory
was adopted by the trial court, as his comments during the
course of the trial clearly showed, and in his charge to the
jury he says that: "It seems to me that, without some sort of
excavating the wall could not come down and you may say
whether or no there was negligence in excavating there."
One theory of the defense was that a portion of the "dead
work" had broken off and in falling had struck the uprights
and knocked them from their footings. But the case went
against the defendants manifestly upon the theory that they
had been guilty of negligence in excavating too near the foot-
ings of the uprights. The plaintiff testified that when the

men got ready to put in the new foundation they dug a trench four or five feet deep and two feet wide ; that they commenced digging the trench from the front on Sheriff street and when they had dug about ten feet they built up a wall in the trench ; that they then continued the trench toward the rear and that it was dug to within one foot of the vertical timbers supporting the building when it fell. He also assumed to identify one of the appellants in the court room as a man he had seen around there during the work of this excavating. A witness for the plaintiff testified that the trench in question was dug for a foundation wall and was within a foot of the vertical shoring. This was the character of the plaintiff's evidence, but none of his witnesses assumed to identify these defendants, or either of them, as directing this part of the work. They simply saw them around the job while the excavating was going on.

If it be assumed that the foot-blocks, upon which the shoring timbers rested, were one foot below any excavation which these defendants were bound to make or did make, it is very difficult to see how any digging which the defendants did could have affected the uprights or other arrangements made for the security of the old building. The defendants had nothing to do with the building of the new wall under the old building or digging the trench in which it was laid. All that was the work of other contractors. A careful examination of the record will, I think, show that the defendants, in the performance of their contract, did nothing but what they were bound to do. It fails to show that they omitted anything which can be said to be a duty imposed upon them in carrying on the operation prescribed in their contract. The plaintiff's theory that the defendants undermined the vertical supports by carelessly digging too close to them is not sustained by the evidence. The fact already mentioned, that the contractor, who was engaged in shoring up and securing the adjoining building, contracted to set the foot-blocks of the uprights one foot deeper than the cellar excavation, and the verdict in his favor on that point, in view of the testimony

which is to the same effect, would seem to be a complete answer to the plaintiff's claim that the defendants caused the accident by careless digging, knowing the danger which would result.

It is, I think, reasonably certain that these defendants have been held responsible in damages for the result of an accident for which they were not at all to blame. It follows that the judgment should be reversed and a new trial ordered, costs to abide the event.

CULLEN, Ch. J., GRAY and WILLARD BARTLETT, JJ., concur; VANN, WERNER and CHASE, JJ., concur in result.

Judgment reversed, etc.